■ KIDDER, PEABODY & CO., INCORPORATED, et al., Respondents, v JOHN W. McARTOR, Individually and as Trustee of Delta Incorporated International, Inc., Profit Sharing Plan, et al., Appellants. [637 NYS2d 99] —Order and judgment (one paper), Supreme Court, New York County (Martin Evans, J.), entered January 10, 1995, which, *inter alia*, granted petitioners' motion to permanently stay an arbitration proceeding commenced by respondents before the National Association of Securities Dealers, Inc. and to dismiss, as time-barred, respondents' claims to the extent of dismissing all claims arising from investments made prior to May 4, 1987, dismissing all claims for fraud, negligence, and breach of fiduciary duty, arising from investments made prior to May 4, 1990, and dismissing respondents' claims seeking punitive damages and attorney's fees, unanimously affirmed, with costs.

The IAS Court properly determined that the arbitral claims of respondents, Tennessee residents, for, *inter alia*, breach of contract, common law fraud, negligence, and breach of fiduciary duty, arising from investments made prior to May 4, 1990, were time-barred under the Tennessee Statute of Limitations applicable pursuant to New York's borrowing statute (CPLR 202). The Court of Appeals has recognized that "[u]nder the New York borrowing statute (CPLR 202), a securities fraud claim arising outside this state is subject to the limitations periods of the jurisdictions where the injury occurred—generally, the place where the investors resided and sustained the economic impact of the loss"—here, Tennessee (*Matter of Smith Barney, Harris Upham & Co. v Luckie*, 85 NY2d 193,

207, *cert denied sub nom. Manhard v Merrill Lynch, Pierce, Fenner & Smith,* — US —, 116 S Ct 59; *see also, Appel v Kidder, Peabody & Co.*, 628 F Supp 153, 155-156).

Appellants argue, for the first time on appeal, that their arbitral claims accrued in New York and that their claims are not time-barred under New York law. By their failure to raise this claim in the IAS Court, respondents are deemed to have waived it (*Douglas Elliman-Gibbons & Ives v Kellerman*, 172 AD2d 307, *lv denied* 78 NY2d 856). In any event, there is no merit to their argument that the economic harm occurred in New York merely because the accounts were maintained here.

The IAS Court also properly determined that the period of limitations for respondents' "churning claim", involving alleged personal gain by the securities dealer through excessive trading activity (*Newburger, Loeb & Co. v Gross*, 563 F2d 1057, 1069, *cert denied* 434 US 1035), ran from the date when respondents, as investors, were on notice, warranting inquiry, of the potential claim by receipt of trade confirmations or monthly statements detailing the allegedly excessive and unauthorized trading in their account, rather than from the date of the last trade (*Norniella v Kidder Peabody & Co.*, 752 F Supp 624, 628, citing *Appel v Kidder, Peabody & Co.*, *supra*, at 158).

The claims for punitive damages and attorney's fees were also properly dismissed since punitive damages are unavailable in arbitration under New York law (*Garrity v Lyle Stuart, Inc.*, 40 NY2d 354), and since attorney's fees may not be recovered in an arbitration under New York law unless they are expressly provided for in the arbitration agreement (*Matter of MKC Dev. Corp. v Weiss*, 203 AD2d 573).

We have reviewed respondents' remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Nardelli, Williams and Tom, JJ.