United States Court of Appeals,

Eleventh Circuit.

No. 95-5396.

Doris KAHN, Plaintiff-Appellee, Cross-Appellant,

v.

SMITH BARNEY SHEARSON INC., fka Smith Barney, Harris, Upham & Co., Defendant-Appellant, Cross-Appellee.

June 24, 1997.

Appeals from the United States District Court for the Southern District of Florida. (No. 94-6992-CIV-DTKH), Daniel T.K. Hurley, Judge.

Before DUBINA and BLACK, Circuit Judges, and COHILL[*], Senior District Judge.

COHILL, Senior District Judge:

Appellant, Cross-Appellee, Smith Barney Shearson Inc. ("Smith Barney") appeals from a district court order confirming an arbitration award on several grounds; and Appellee, Cross-Appellant, Doris Kahn cross-appeals from that same order challenging the rate of prejudgment interest determined by the district court. We reverse the district court's confirmation of the arbitration award as premature on the basis of the doctrine of full faith and credit.

I. *Procedural History*

In April 1989, Kahn filed a demand with the American Arbitration Association ("AAA") in New York to arbitrate a dispute with Smith Barney which arose out of the handling of an investment account which she had with Smith Barney from 1979 through June 1984. At about the same time, several other Smith Barney customers with similar disputes also filed demands with the AAA. In addition, Kahn filed an arbitration demand before the National Association of Securities Dealers ("NASD") in Florida in accordance with the arbitration clause in her Vantage Account Agreement ("the account agreement") which gave her the option of filing with the NASD, the New York Stock Exchange ("NYSE") or the American Stock Exchange ("AMEX").

---

[*]Honorable Maurice B. Cohill, Jr., Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

In May 1989, Smith Barney petitioned the New York Supreme Court (the trial court for the state of New York) to stay all the AAA proceedings and to dismiss the claims raised therein as time-barred under New York law. The choice of law provision set forth in the account agreement selected New York law as governing the agreement and its enforcement. The New York Supreme Court issued an order on May 9, 1989 temporarily enjoining the AAA proceedings. On that same date, one of the other AAA claimants filed an action in Florida state court seeking a declaratory judgement that the AAA had jurisdiction over these claims. Kahn later joined in that action. Smith Barney removed the declaratory judgment action to the United States District Court for the Middle District of Florida. The district court stayed the declaratory judgment action pending the resolution of the New York action.

Kahn and the other AAA claimants filed a motion to dismiss the New York action for lack of personal jurisdiction. The New York court filed an interim order affirming jurisdiction which Kahn and the other AAA claimants challenged. After waiting nearly two years for the New York court to issue a final order, in June, 1991 the United States District Court lifted its stay and issued a ruling in favor of Smith Barney holding that Kahn and the others had to arbitrate their disputes before the NASD, the NYSE or the AMEX. *Luckie v. Smith Barney, Harris Upham & Co.,* 766 F.Supp. 1116 (M.D.Fla.1991). This Court affirmed. *Luckie v. Smith Barney, Harris Upham & Co.,* 999 F.2d 509 (11th Cir.1993).

In October 1992, after the district court had issued its decision in *Luckie,* the New York Supreme Court ruled in favor of Kahn and the other claimants on the grounds that their fraud claims were governed by the New York statute of limitations for fraud and were not time-barred. The Appellate Division of the New York Supreme Court affirmed the application of the New York statute of limitations but held that the arbitrators, not the court, had jurisdiction to decide whether the claims were time-barred. *Smith Barney, Harris Upham & Co. v. Luckie,* 198 A.D.2d 87, 605 N.Y.S.2d 838 (N.Y.App.Div.1993). Upon petition by Smith Barney, the New York Court of Appeals agreed to hear the case, but declined to stay the NASD arbitration scheduled to take place in Florida in the interim. The arbitration proceeded as scheduled and the panel issued an award in

favor of Kahn on October 11, 1994. Kahn immediately filed the present action to confirm the award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.

In January 1995, the district court stayed the proceedings in the present action pending a ruling by the New York Court of Appeals on the statute of limitations issue. A month later that ruling was issued. The New York Court of Appeals reversed the Appellate Division holding that the account agreement mandated that New York law should apply and that, under New York law, the statute of limitations question was for the court to decide, not the arbitrators. The case was remanded to the Appellate Division for resolution of the statute of limitations issue. *Smith Barney, Harris Upham & Co. v. Luckie,* 85 N.Y.2d 193, 623 N.Y.S.2d 800, 647 N.E.2d 1308 (1995).

One month later, Kahn renewed her motion before the district court to confirm the arbitration award and also filed a motion seeking an injunction against further litigation in New York. The district court denied the motion to enjoin the New York proceedings but, without awaiting a decision by the Appellate Division on the statute of limitations issue, confirmed the arbitration award. Smith Barney filed a motion for reconsideration with the district court and also filed a motion requesting expedited briefing before the Appellate Division. In August 1995, the Appellate Division stayed the New York proceedings pending the resolution of the present action.

In October 1995, the United States District Court denied Smith Barney's motion for reconsideration and entered final judgment in favor of Kahn. Subsequently, upon a motion by Kahn, the district court amended its final judgment to include interest at the federal rate from the date of the arbitration award. Smith Barney appealed and Kahn cross appealed on the issue of the appropriate rate of interest.

## II. *Discussion*

In reviewing a district court's confirmation of an arbitration award, we accept all findings of fact that are not clearly erroneous, but we decide questions of law *de novo. First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, ----, 115 S.Ct. 1920, 1926, 131 L.Ed.2d 985 (1995). We do not address the prejudgment interest issue raised on cross-appeal since we find that the district court's confirmation of the arbitration award was premature and must be reversed.

In *Luckie,* 85 N.Y.2d 193, 623 N.Y.S.2d at 805, 647 N.E.2d at 1313, the New York Court of Appeals looked at the language of the account agreement and determined that the parties had selected New York law to govern the enforcement of the agreement. Under New York law,

> A court may address three threshold questions on a motion to compel or to stay arbitration: (1) whether the parties made a valid agreement to arbitrate; (2) if so, whether the agreement has been complied with; and (3) whether the claim sought to be arbitrated would be time barred if it were asserted in State court.

*Id.* The court concluded that, under New York law, statute of limitations questions such as those raised by Smith Barney are clearly for the court, and not the arbitrator, to decide. *Id.*

The New York Court of Appeals then determined that New York law was not preempted by the FAA. In so ruling, the court relied upon *Volt Information Sciences, Inc. v. Leland Stanford Jr. Univ.,* 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989) in which the Supreme Court held, *inter alia,* that, where private parties have agreed to apply the laws of a particular state, applicable state rules govern the conduct of the arbitration. *Volt* interpreted the FAA as "simply requir[ing] courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms." *Id.* at 477, 109 S.Ct. at 1255.

The court in *Luckie* recognized the split in authority post-*Volt* over the issue of preemption, but rejected the line of cases opting for preemption because those cases generally rely on pre-*Volt* case law. 85 N.Y.2d 193, 623 N.Y.S.2d at 807, 647 N.E.2d at 1315. Instead, the court construed *Volt* to mean that New York arbitration law, including the Statute of Limitation provision at issue, is not inimical to the policies of the FAA, but rather advances those policies by "ensur[ing] the enforceability according to their terms, of private agreements to arbitrate." *Id.* (quoting *Volt,* 489 U.S. at 476, 109 S.Ct. at 1254).

The New York Court of Appeals did not expressly address the arbitration award in *Luckie;* nevertheless we hold that, consistent with the clear import of that decision, the arbitration award is invalid. A party cannot be forced to arbitrate an issue which it did not agree to arbitrate. *First Options,* 514 U.S. at ----, 115 S.Ct. at 1923. The court in *Luckie* found that the arbitrators lacked jurisdiction to decide Smith Barney's limitations defenses. Thus, in making their award, the arbitrators' implicitly rejected defenses which they lacked the authority to decide.

In confirming the arbitrators' award, the district court failed to address the preclusive effect of the *Luckie* decision. Under the Full Faith and Credit Act, 28 U.S.C. § 1738, "a federal court [must] give preclusive effect to a state court judgment to the same extent as would courts of the state in which the judgment was entered." *Battle v. Liberty Nat. Life Ins. Co.,* 877 F.2d 877, 882 (11th Cir.1989). We must, therefore, look at New York law to determine the preclusive effect of the *Luckie* decision. *In re St. Laurent,* 991 F.2d 672, 675-76 (11th Cir.1993).

Under New York law, the doctrine of issue preclusion would bar the federal court from considering whether Smith Barney is entitled to a judicial or arbitral determination of its limitations defenses if:

> (1) the issue in question was actually and necessarily decided in a prior proceeding, and

> (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding.

*Moccio v. New York State Office of Court Admin.,* 95 F.3d 195, 200 (2d Cir.1996) (citation omitted). It appears that these requirements are satisfied in this case.

Since the *Luckie* decision is entitled to full faith and credit, the district court erred in confirming the arbitration award. Under the FAA, a court must vacate an award where the arbitrators exceeded their power. 9 U.S.C. § 10(a)(4). Here, we hold that the arbitrators exceeded their power in ruling on Smith Barney's limitations defenses since the New York Court of Appeals ruled that the parties, in choosing New York law, had chosen to have limitations determinations made by the court and not the arbitrators.

Rather than dispute the applicability of the doctrine of issue preclusion, Kahn attempts to argue that it should be applied in reverse, to-wit, the arbitrators could have determined that the New York Court of Appeals lacked jurisdiction to hear this matter. We reject this argument and all other arguments advanced by Kahn in an effort to assert a rational basis for the arbitrators' award. Such arguments are relevant only where the party requesting vacatur relies on one of two nonstatutory bases recognized by this circuit as grounds for vacating an arbitral award. *Robbins v. Day,* 954 F.2d 679, 684 (11th Cir.1992). *See Sullivan, Long & Hagerty, Inc. v. Local 559 Laborers' Int'l Union,* 980 F.2d 1424, 1427-30 (11th Cir.1993). Smith Barney invokes a statutory basis for vacatur,

namely that the arbitration panel exceeded its authority. 9 U.S.C. § 10(a)(4). Under the circumstances, Kahn's efforts at suggesting rational bases for the arbitrators' award cannot salvage the award.

## III. *Conclusion*

Because we hold that the district court erred in confirming the arbitrators' award, we need not address the pre-judgment interest question. For the foregoing reasons, the judgment of the district court confirming the arbitration award is reversed.

REVERSED.