(December 4, 1997)

■ SMITH BARNEY, HARRIS UPHAM & Co. INCORPORATED, Appellant, v CHARLIE LUCKIE, JR., et al., Respondents, and DORIS KAHN, Respondent. [665 NYS2d 74] —Upon remittitur from the Court of Appeals (85 NY2d 193), order of the Supreme Court, New York County (Norman Ryp, J.), entered October 23, 1992, which denied appellant's petition to stay arbitration, unanimously reversed, on the law, without costs, the petition granted, respondent's claims dismissed and arbitration permanently stayed.

As is here relevant, petitioner sought to stay arbitration of respondents' claims upon the ground that the claims had not been timely interposed. Supreme Court denied the petition, holding that respondents' claims were in fact timely under New York law. We, thereafter, affirmed the denial of the petition (198 AD2d 87), but did so without passing upon the timeliness of respondents' claims; we held instead that arbitration should proceed because the parties had agreed to arbitrate "any controversy between [them] arising out of or relating to [their] contract or the breach thereof" and had thus signaled their consent to the submission of all contractually related disputes, among them disputes over the timeliness of claims relating to the contract or its breach, to arbitration. A different result, we thought, would not have been consonant with the policies underlying the Federal Arbitration Act (9 USC § 1 *et seq.*). The Court of Appeals, however, disagreed and reversed

(85 NY2d 193, *supra*), holding in the course of so doing that where, as in the present case, the parties had agreed that their contract would be governed by the laws of New York State, the timeliness of the claims sought to be arbitrated was, pursuant to New York law (CPLR 7502 [b]), a matter for the court, not the arbitrator (*supra*, at 202). The Court saw no conflict between this application of New York law and the policies of the Federal Arbitration Act (*supra,* at 203-206).

The matter was remitted to us with the instruction that we address the merit of petitioner's allegations that respondents' claims are time-barred (*supra,* at 207). We now do so, having until recently stayed consideration of the appeal while related litigation was ongoing in the Eleventh Circuit Court of Appeals (*see, Kahn v Smith Barney Shearson,* 115 F3d 930).

Respondents' claims were interposed in April 1989 and relate to violations which, on the record before us, cannot be said to have occurred subsequent to August 1984. Respondents are Florida residents and their claims undoubtedly accrued in Florida. This being the case, determination of the governing limitations period under New York law requires application of New York's borrowing statute (CPLR 202; *Kidder, Peabody & Co. v McArtor,* 223 AD2d 502). Pursuant to that statute, as between the limitation period applicable under New York law and that of the foreign jurisdiction, it is the shorter period that governs (*McCarthy v Bristol Labs.*, 86 AD2d 279, 283, *appeal dismissed* 58 NY2d 780). It follows that respondents' claims are, without exception, untimely.

Respondents' claims for violation of securities laws, both Federal and State, are barred by the two-year limitation set forth for Florida's Blue Sky laws (Fla Stat Annot § 95.11 [4] [e]). To the extent that Federal securities law violations are alleged, the Florida Blue Sky limitation period is applicable because in this pre-*Lampf* case (*see, Lampf v Gilbertson,* 501 US 350 [1991]), it is the limitations period of the forum State which governs (*see, e.g., Armstrong v McAlpin,* 699 F2d 79, 87)* and, since that State is New York, the applicable limitations period is determined by utilizing the aforecited borrowing statute. Utilization of the borrowing statute, in turn, leads to the conclusion that, as between the potentially applicable New York and Florida limitations periods, it is the shorter two-year period set forth in Florida's Blue Sky laws that governs.

---

* Indeed, we note that the result in this case would not be different even if *Lampf* (*supra*) were retroactively applied since under *Lampf* the uniformly applicable limitations period for Federal securities law claims such as those asserted by respondents cannot exceed three years.

Utilization of the borrowing statute also requires the conclusion that the Florida Blue Sky two-year limitation period is applicable to and thus bars respondents' State securities law claims. To the extent that respondents assert claims for civil theft, the New York analogue of which is conversion or imposition of a statutory liability, such claims are barred by New York's three-year limitations period (CPLR 214 [2], [4]), applicable pursuant to the borrowing statute by reason of the fact that it is shorter than the corresponding Florida limitations period of five years (Fla Stat Annot § 812.035 [10]). Respondents' remaining claims for breach of fiduciary duty, negligence and misrepresentation are also barred since they have been interposed subsequent to the expiration of Florida's applicable four-year limitations periods (Fla Stat Annot § 95.11 [3] [a], [j], [p]), which limitations periods exceed those governing the same causes in New York. Finally, we note that respondents have not met their burden, in this or any other context implicated by their various claims, of submitting such proof as would warrant consideration of a possible tolling of an applicable limitations period (*see*, *Almand Constr. Co. v Evans*, 547 So 2d 626, 628 [Fla]; *see also*, *Antone v General Motors Corp.*, 64 NY2d 20, 31). Concur—Murphy, P. J., Ellerin, Wallach and Nardelli, JJ.