[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 21, 2007
THOMAS K. KAHN
CLERK

No. 06-16467
Non-Argument Calendar

_____

D. C. Docket No. 04-01111-CV-BE-S

JEFFREY GUY LONG,

Plaintiff-Appellant,

versus

RAYMOND CORPORATION, THE,

Defendant-Appellee,

CAROLINA HANDLING, LLC, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(August 21, 2007)**

Before BIRCH, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jeffrey Guy Long appeals from the district court's entry of judgment as a matter of law in favor of The Raymond Corporation ("Raymond") in his action for injuries he sustained while operating a Raymond Model 537 Swing-Reach forklift.[1] On appeal, Long argues that: (1) the district court erroneously applied Rule 702, and not Rule 601, of the Federal Rules of Evidence to evaluate, and ultimately exclude, the testimony of Gene Cook, Long's proffered expert on liability; (2) in the alternative, even if Rule 702 was correctly applied to Cook's testimony, the district court erred by excluding Cook's testimony; and (3) the district court erroneously interpreted the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), in entering judgment in favor of Raymond, by requiring expert testimony on liability, to prove a design defect and causation, where the alleged defect was of an open and obvious nature. After careful review of the record and the parties' briefs, we affirm.

A district court's interpretation of federal procedural rules, such as the Federal Rules of Evidence, is subject to <u>de novo</u> review. <u>See</u> <u>Pickett v. Iowa Beef Processors</u>, 209 F.3d 1276, 1279 (11th Cir. 2000) (holding a district court's interpretation of the Federal Rules of Civil Procedure is a question of law subject to <u>de novo</u> review); <u>see also</u> <u>United States v. Campa</u>, 459 F.3d 1121, 1174 (11th Cir. 2006) (reviewing district

---

[1]Long also sued his former employer, AmerisourceBergen Drug Corporation, and Richard Roper. Only the claims against Raymond are at issue in this appeal.

court's interpretation of the Federal Rules of Criminal Procedure <u>de novo</u>); <u>S.E.C. v. Sargent</u>, 229 F.3d 68, 79 (1st Cir. 2000) (noting that "the interpretation of the Federal Rules of Evidence is a question of law which we review <u>de novo</u>"); <u>Davoll v. Webb</u>, 194 F.3d 1116, 1136 (10th Cir. 1999) (reviewing district court's interpretation of the Federal Rules of Evidence <u>de novo</u>).

We review a district court's evidentiary rulings, including its rulings on the admissibility of expert testimony, for abuse of discretion. See <u>United States v. Frazier</u>, 387 F.3d 1244, 1258 (11th Cir. 2004) (en banc); <u>Wright v. CSX Transp., Inc.</u>, 375 F.3d 1252, 1260 (11th Cir. 2004). Even where a ruling on the admissibility of expert testimony may be "'outcome determinative,' we do not apply a stricter standard . . . ." <u>McDowell v. Brown</u>, 392 F.3d 1283, 1294 (11th Cir. 2004). "[T]he deference that is the hallmark of abuse-of-discretion review requires that we not reverse an evidentiary decision of a district court unless the ruling is manifestly erroneous. Thus, it is by now axiomatic that a district court enjoys 'considerable leeway' in making these determinations." <u>Frazier</u>, 387 F.3d at 1258 (citations and internal quotation marks omitted). Indeed, abuse-of-discretion review

> recognizes the range of possible conclusions the trial judge may reach. "By definition . . . under the abuse of discretion standard of review there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call. That is how an abuse of discretion standard differs from a <u>de novo</u> standard of review.

3

> As we have stated previously, the abuse of discretion standard allows 'a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.'"

Id. at 1259 (citations omitted).

To the extent Long challenges the district court's analysis of the elements of his claim under the AEMLD, we are presented with a question of law, which we review de novo. See Ritch v. Robinson- Humphrey Co., 142 F.3d 1391, 1393 (11th Cir. 1998) ("This Court reviews the district court's imposition of the causation element in the Alabama Securities Act, a question of law, de novo." (citing Kahn v. Smith Barney Shearson, Inc., 115 F.3d 930, 932 (11th Cir. 1997) (questions of law reviewed de novo)).

The parties are familiar with the background facts and we only summarize them here. On April 9, 2002, while operating a Model 537 forklift manufactured by Raymond, Long was injured when several pallets that were placed on the forks impacted one of the shelving system stanchions, causing one or more of the pallets to fall into the operator compartment. The pallets pinned Long in the operator compartment and ultimately crushed one of Long's legs. Although he suffered extensive injury, requiring surgery and hospitalization, Long says he now has substantially recovered from the injuries but continues to have an impairment of fifteen percent.

According to Long's complaint, Raymond offered a platform barrier, or guard, as an option when the Model 537 was manufactured and sold. It was undisputed that the optional platform barrier was offered to and declined by the original purchaser of the Model 537 involved in the accident here. It was Long's theory that if the Model 537 he was operating had been equipped with a platform barrier, the barrier would have prevented or substantially reduced his injuries because the pallets would have been blocked from entering the operator compartment. Raymond says that it offers the platform barrier as an optional feature for the Model 537, but highlights that the barrier substantially diminishes the forklift's ability to perform one of its primary purposes: to order-pick individual case goods.

In support of this his theory of liability, Long proffered the testimony of Gene Cook as an expert in the area of industrial safety. Long wanted to introduce Cook's testimony to establish that without the optional platform barrier, the Model 537 was openly and obviously defective. Long says that with the barrier, the likelihood of injury from the Model 537 would be substantially reduced, if not eliminated entirely. The district court conducted a lengthy mid-trial hearing on the admissibility of Cook's proffered expert testimony, pursuant to Rule 702 of the Federal Rules of Evidence and the gatekeeping requirements of Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), and concluded Cook was not qualified to testify on two

5

essential elements of Long's AEMLD claim. The court subsequently entered judgment as a matter of law in favor of Raymond, based on Long's failure to present acceptable expert evidence on two elements of his claim -- specifically, he could not show that the Model 537 was defective and he presented no evidence on causation. This appeal followed.

First, Long argues that, in evaluating Cook's testimony, the district court erred by applying Rule 702 of the Federal Rules of Evidence and the <u>Daubert</u> standard for the evaluation of expert testimony, and not applying Rule 601 and Alabama's standard for the competency of witnesses.[2] Federal jurisdiction in this case is based

---

[2]Rule 702 provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 701.

> Rule 601, in turn, states the following:

> Every person is competent to be a witness except as otherwise provided in these rules. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the competency of a witness shall be determined in accordance with State law.

Fed. R. Evid. 601.

upon 28 U.S.C. § 1332. Under the Erie[3] doctrine, a federal court sitting in diversity must apply state substantive law and federal procedural law.

"Rules of procedure encompass rules of evidence, and therefore, the Federal Rules of Evidence, not state evidentiary rules, apply." McDowell v. Brown, 392 F.3d 1283, 1294 (11th Cir. 2004). More specifically, we expressly have held that "the admissibility of expert testimony is a matter of federal, rather than state procedure." Id. Although in some cases, Rule 601 of the Federal Rules of Evidence mandates the application of state law on issues of competency, the instant issue squarely is a question of the admissibility of certain expert testimony, rather than the competency of the witness himself. Even assuming arguendo the district court had been presented with an issue concerning Cook's competency and had applied Rule 601 and Alabama's standard for competency , the district still would have remained obligated, after determining that Cook was competent to testify on a substantive issue in the case, to screen the testimony under Rule 702 to determine if it is otherwise admissible expert testimony. Id. Accordingly, the district court correctly applied Rule 702 and conducted a Daubert hearing, consistent with its gatekeeping obligations, in analyzing Dr. Cook's proffered testimony.

---

[3] See Erie R. Co. v. Tompkins, 304 U.S. 64 (1938)

We likewise discern no error in the district court's ultimate exclusion of Cook's testimony. More specifically, the court found that Cook's testimony consisted of "merely recognizing a safety hazard," and that, in the context of a claim under the AEMLD, the plaintiff was required to present evidence that (1) the plaintiff's injuries would have been eliminated or in some way reduced by an alternative design, and (2) the utility of the alternative design outweighed the utility of the design actually used. The district court determined that Cook was not qualified, within the meaning of Daubert, to testify about either of these elements of Long's claim. On this record, we discern no manifest error or clear error and thus, the district court did not abuse its discretion by excluding Cook's testimony.

Finally, from our review of the transcript and the entire record, we discern no legal error in the district court's conclusion that without Cook's testimony, and absent any other evidence on two elements of an AEMLD claim, Raymond was entitled to judgment as a matter of law, consistent with Alabama law.

**AFFIRMED.**