Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered December 11, 2012, which granted the motion of defendants Morgan Stanley DW Inc. and Morgan Stanley & Co., Inc. (collectively, Morgan Stanley) to dismiss the complaint pursuant to CPLR 3211 (a) (5), unanimously affirmed, without costs.
In 2004 and 2005, nonparty Charles Winitch, while an employee of Morgan Stanley, allegedly churned trades on decedent Nellie Apt’s brokerage accounts at the firm, obtaining at least $300,000 in commissions. On August 29, 2005, Morgan Stanley terminated Winitch after New York Stock Exchange investigators discovered similar churning activity by Winitch on other accounts. Plaintiff Anita Apt (Nellie’s daughter) claims that she became aware of such wrongdoing by Winitch at the earliest in 2008, while she was examining the affairs of her mother after her mother’s death. Anita, in her individual and other capacities, commenced this action in January 2012.
The court correctly dismissed the action as time-barred. Actions based upon fraud must be commenced within the greater of “six years from the date the cause of action accrued” or “two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it” (CPLR 213 [8]; see Saphir Intl., *467 SA v UBS PaineWebber Inc., 25 AD3d 315 [1st Dept 2006]; TMG-II v Price Waterhouse & Co., 175 AD2d 21, 22 [1st Dept 1991], lv denied 79 NY2d 752 [1992]).
Here, the wrongful conduct occurred at the latest on August 29, 2005 when Morgan Stanley terminated Winitch. Thus, the action, commenced in January 2012, more than six years later, is untimely. Contrary to plaintiffs’ contention, the complaint alleges no facts showing that Morgan Stanley fraudulently concealed Winitch’s commissions or his termination from Nellie so as to toll the statute of limitations. To the extent plaintiffs contend that Morgan Stanley’s failure to disclose such facts warranted tolling the statute of limitations, there is no fiduciary relationship arising from an ordinary broker-client relationship (see Matter of Dean Witter Managed Futures Ltd. Partnership Litig., 282 AD2d 271 [1st Dept 2001]) so as to give rise to a duty to disclose (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 562 [2009]). Thus, plaintiffs’ argument that Morgan Stanley is equitably estopped from asserting the statute of limitations defense is unavailing (see Gonik v Israel Discount Bank of N.Y., 80 AD3d 437, 438 [1st Dept 2011]).
Nor is the action timely under the two-year discovery rule. Nellie could have discovered facts constituting the fraud, or could have done so with reasonable diligence, in 2004 or at the latest on August 29, 2005 based on her receipt of the confirmation slips and monthly statements (see Kidder, Peabody & Co. v McArtor, 223 AD2d 502, 503 [1st Dept 1996]). Even accepting as true the affidavit of plaintiffs’ expert that the 611 pages of confirmation slips he reviewed did not fully reflect Winitch’s commissions, the confirmations and statements should have reflected the excessive trading activity on the accounts during the relevant period. Plaintiffs’ contention that Nellie was inexperienced and unsophisticated is insufficient to toll the statute of limitations. “The test as to when fraud should with reasonable diligence have been discovered is an objective one,” and the duty of inquiry arises “[w]here the circumstances are such as to suggest to a person of ordinary intelligence the probability that he [or she] has been defrauded” (Gutkin v Siegal, 85 AD3d 687, 688 [1st Dept 2011] [internal quotation marks omitted]).
In any event, even assuming that Nellie could not have discovered the churning in 2004 and 2005, plaintiffs acknowledge that they discovered such misconduct at the earliest in 2008, when Anita began examining her mother’s affairs. Thus, the action commenced in January 2012 would be untimely under the two-year rule (see TMG-II, 175 AD2d at 22).
We have considered plaintiffs’ remaining contentions and find *468 them unavailing.
Concur — Gonzalez, P.J., Tom, Friedman, Andrias and Saxe, JJ.