[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13907
Non-Argument Calendar
_____

D.C. Docket No. 9:18-cv-80395-DMM

JUAN CARLOS VELASQUEZ ANDRES,

                                        Plaintiff – Appellant,

versus

JUDGE JANICE BRUSTARES KEYSER,

                                        Defendant – Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 14, 2019)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Carlos Velasquez Andres appeals the dismissal of his 42 U.S.C. § 1983 complaint against Judge Janice Brustares Keyser, the state court judge who presided over a child custody matter concerning his then-minor child. Velasquez Andres alleged Judge Keyser violated his and his child's federal statutory and constitutional rights by refusing to include findings in her custody order that are necessary for the child to pursue special immigrant juvenile status under 8 U.S.C. § 1101(a)(27)(J). The district court dismissed. After careful review, we affirm.

**I.**

In November 2017, Velasquez Andres filed a petition in the Circuit Court for Palm Beach County, Florida to determine paternity of a minor child. The child's mother was listed as the respondent.

To assist with resolution of the case, the parties jointly submitted a proposed final judgment of paternity stating Velasquez Andres is the child's natural and biological father. The parties also submitted a notarized parenting plan, which was incorporated into the proposed order and included terms with which the parents agreed to comply.

2

In February 2018, Judge Keyser entered a final judgment of paternity. Judge Keyser's order adopted and ratified most of the parties' parenting plan, but struck out language stating:

> It is detrimental to the minor child to have shared parental responsibility and timesharing with the mother because she has abused and neglected the minor child. Reunification with the mother is not viable due to the physical abuse and the neglect that placed the child's wellbeing in danger. It is not in the best interest of the minor child, [M.G.V.G.] to be returned to his country of citizenship and last habitual residence. It is in the best interest of the Minor Child that the father, Juan Carlos Velasquez Andres be awarded sole custody.

Weeks later, Velasquez Andres filed a motion for modification of the parenting plan, which asked Judge Keyser to re-insert the language she deleted.

Judge Keyser held a hearing on the motion, during which she explained she crossed out the language because she had "no testimony or evidence to support it." An attorney for Velasquez Andres argued the parents' sworn statements constituted evidence. The attorney also insisted the language was "extremely important for immigration purposes." This was because the minor child hoped to pursue special immigrant juvenile status ("SIJS") under 8 U.S.C. § 1101(a)(27)(J). That provision offers a path to lawful permanent residency for certain noncitizen juveniles. See id. To be eligible for SIJS, a juvenile court must have found (1) "reunification with 1 or both . . . parents is not viable due to abuse, neglect,

3

abandonment, or a similar basis found under State law," and (2) it would not be in the child's "best interest to be returned to [his] or [his] parent's previous country of nationality or country of last habitual residence." Id. § 1101(a)(27)(J)(i)–(ii).

Judge Keyser declined to revise her order. Velasquez Andres then appealed to Florida's Fourth District Court of Appeals ("Fourth DCA").

Around the same time, Velasquez Andres filed suit against Judge Keyser in the U.S. District Court for the Southern District of Florida. Velasquez Andres alleged Judge Keyser violated his and his minor child's federal and constitutional rights through her "arbitrary" decision not to re-insert the proposed abuse and neglect findings.

Along with his complaint, Velasquez Andres attached a declaration from an attorney who represented him before Judge Keyser. The attorney claimed that after the hearing on Velasquez Andres's motion for modification, she returned to Judge Keyser's courtroom. At that time, her co-counsel offered to present live testimony supporting the proposed findings. But, according to the attorney, Judge Keyser "was not interested in any evidence because she believed that these cases (apparently referring to all of the cases where Petitioner's [sic] need state Court findings as a prerequisite to petitioning [U.S. Citizenship and Immigration Services for SIJS]) were part of a scheme to enable people to come into this country who should not be here." In his complaint, Velasquez Andres asked for an injunction

4

barring Judge Keyser from "impos[ing] her own views about immigration on people who come before her seeking legitimate relief" and "direct[ing] [her] to make findings consistent with the evidence presented to her."

Judge Keyser moved to dismiss the complaint, arguing, among other things, that Eleventh Amendment immunity, judicial immunity, and the Rooker–Feldman doctrine barred the suit.

The district court granted the motion.  It reasoned the Rooker–Feldman doctrine, which typically bars federal district courts from reviewing state court decisions, did not permit review of Judge Keyser's order in the custody proceeding.  It also observed the Fourth DCA had affirmed the custody order while the federal action was pending.  See Andres v. Perez, 247 So. 3d 500 (Fla. 4th DCA 2018) (per curiam).  Thus, it concluded that even if the Rooker–Feldman doctrine did not bar review, Velasquez Andres's suit would be barred by collateral estoppel.

This is Velasquez Andres's appeal.

## II.

"The Rooker–Feldman doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation."  Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001).  We review de novo a district court's decision

that the Rooker–Feldman doctrine deprives the court of subject matter jurisdiction. Id. at 1331–32.  We also review de novo a district court's decision to give preclusive effect to a prior state court judgment.  Aldana v. Del Monte Fresh Produce N.A., Inc., 578 F.3d 1283, 1288 (11th Cir. 2009).  In conducting our review, "[w]e may affirm on any ground supported by the record, regardless of whether that ground was relied upon or even considered below."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam).

### III.

Velasquez Andres argues the district court erred in dismissing his complaint. He contends the Rooker–Feldman doctrine does not bar his suit because the findings he requested in state court are necessary for his child to pursue SIJS in federal court.  He says "[e]ven though this case commenced in State Court, it is in reality a Federal Court matter," and "Federal Courts have jurisdiction over immigration matters, state courts do not."  Velasquez Andres also argues the state court judgment should not be afforded preclusive effect because "the State Court of Appeals has no right to undermine a Federal right simply by supporting and affirming a decision by a state family court."  Additionally, he says the issues he presented before the federal district court were not identical to the issues he presented before the state court of appeals, and he appealed to the state court of

appeals to "safeguard his appellate rights" and should not be penalized for doing so.

Judge Keyser maintains the district court properly dismissed Velasquez Andres's complaint. She defends the district court's applications of Rooker–Feldman and issue preclusion. She also reiterates additional grounds for affirming that she raised below but that the district court did not reach.

To begin, we agree with Velasquez Andres that the Rooker–Feldman doctrine does not bar his suit. Under the Rooker–Feldman doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Lance v. Dennis, 546 U.S. 459, 463, 126 S. Ct. 1198, 1201 (2006). This Court has made clear that "state proceedings have not ended for purposes of Rooker–Feldman when an appeal from the state court judgment remains pending at the time the plaintiff commences the federal court action that complains of injuries caused by the state court judgment and invites review and rejection of that judgment." Nicholson v. Shafe, 558 F.3d 1266, 1279 (11th Cir. 2009). Here, Velasquez Andres's appeal to the Fourth DCA was pending when he filed his federal lawsuit. Therefore, Rooker–Feldman did not divest the federal district court of jurisdiction.

We also agree with Velasquez Andres that issue preclusion does not bar his lawsuit. Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court

must "give preclusive effect to a state court judgment to the same extent as would courts of the state in which the judgment was entered." Kahn v. Smith Barney Shearson Inc., 115 F.3d 930, 933 (11th Cir. 1997) (quotation marks omitted).  That means we look to Florida law to determine whether the state court judgment should be afforded preclusive effect.

"The 'essential elements' of issue preclusion under Florida law are 'that the parties and issues be identical, and that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction.'"  Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1332 (11th Cir. 2010) (quoting Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co., 945 So. 2d 1216, 1235 (Fla. 2006)).  At least one essential element is missing here: the parties are not identical.  The parties to the state court action were the minor child's mother and father.  The parties to this action are the child's father and the judge who presided over the custody matter.  Because the actions involved different parties, issue preclusion cannot apply here.  See Stogniew v. McQueen, 656 So. 2d 917, 919 (Fla. 1995) ("Florida has traditionally required that there be a mutuality of parties in order for the doctrine [of issue preclusion] to apply.  Thus, unless both parties are bound by the prior judgment, neither may use it in a subsequent action." (citations omitted)).

8

But, in any event, we agree with Judge Keyser that the district court correctly dismissed Velasquez Andres's complaint.  As Judge Keyser argued both below and before this Court, she is entitled to judicial immunity.

"A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of h[er] court."  McCullough v. Finley, 907 F.3d 1324, 1330 (11th Cir. 2018).  To decide whether a judge was performing judicial acts, "[w]e look at the nature and function of h[er] act, not the propriety of the act itself, and consider whether the nature and function of the particular act is judicial."  Id. at 1330–31.  Notably, "[a] judge enjoys absolute immunity for judicial acts regardless of whether [s]he made a mistake, acted maliciously, or exceeded h[er] authority."  Id. at 1331.  The text of 42 U.S.C. § 1983 makes clear immunity applies to most suits brought for injunctive relief for "an act or omission taken in [a judicial] officer's judicial capacity."  Specifically, it provides, "injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  Id.; see also, e.g., Roth v. King, 449 F.3d 1272, 1286 (11th Cir. 2006) ("42 U.S.C. § 1983, as amended in 1996 by the Federal Courts Improvement Act, explicitly immunizes judicial officers against suits for injunctive relief.").

There can be no doubt Judge Keyser was acting in her judicial capacity when she crossed out and then declined to re-insert language Velasquez Andres proposed for the custody order concerning his child.  It is also plain Velasquez

9

Andres seeks injunctive relief.  In his brief, Velasquez Andres describes his suit as "seeking to have the Lower Court instruct the State Court to make a proper, evidentiary based (including a evidentiary hearing) determination as to whether or not Petitioner would suffer abuse and neglect were he to be returned to his country of origin."  Nowhere in his complaint or other filings does Velasquez Andres suggest a declaratory decree was violated or declaratory relief was unavailable.

Mr. Velasquez Andres argues Judge Keyser's judicial immunity argument is "so frivolous that the District Court did not even address" it.  He also says judicial immunity "has no application when one is suing under the Civil Rights Act, and applies generally when judges are sued for some relief directed against the judge personally."  But he is mistaken.  Because Velasquez Andres has not met the prerequisites for a suit seeking injunctive relief against a judicial officer for her official acts, his suit cannot continue.

**AFFIRMED**.