■ Adrian Antoniu, Appellant, v Cornelius M. Ahearn et al., Defendants, and Arturo J. Aballi et al., Respondents.— Order, Supreme Court, New York County (Edith Miller, J.), entered July 30, 1986, which dismissed plaintiff's first cause of action against the respondent law firm on the ground that the action was barred by the three-year Statute of Limitations for negligence, and dismissed the second cause of action against the respondent law firm on the ground that the complaint failed to state a cause of action for breach of contract, reversed, on the law, with costs, and the motion to dismiss the causes of action is denied.

As relevant to the causes of action against the partners of the respondent law firm, the complaint dated October 10, 1985 sets forth the following legally significant allegations. In the summer of 1978 plaintiff retained Cornelius M. Ahearn and his then law firm, Riposanu Joyce Ahearn Aballi & Diaz-Cruz (the Riposanu firm), to represent him on several matters, including an annulment action then pending. At the suggestion of Ahearn, plaintiff transferred to him the sum of $240,000 on the explicit understanding that the funds were to be placed in interest-bearing trust accounts. The funds were thereafter placed in a Swiss bank in the name of the Finchley Corporation. It is alleged that Ahearn and his then firm did not keep plaintiff's funds separate and earmarked as trust funds, but instead commingled and treated the funds as their own, and that the defendant Ahearn misrepresented material facts concerning transactions involving plaintiff's funds with the intent of defrauding plaintiff.

At some time in 1981 or 1982, Ahearn left the Riposanu firm and joined with new partners to form the firm of Sargent,

Ahearn & VanHeemstra, where he continued to represent plaintiff on a number of legal matters.

The complaint further alleges that on July 27, 1983, plaintiff's newly retained attorney wrote to Ahearn, informing Ahearn that he was dismissed as plaintiff's attorney and requesting a return of plaintiff's funds, and the demand was renewed in a letter dated September 10, 1983. Defendant Ahearn claimed that neither he nor his firm was in possession of any moneys or property belonging to plaintiff, and none of plaintiff's funds or property was in fact returned to him.

The Riposanu firm moved pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action on the ground that it was legally insufficient to establish the contractual violation claimed, and also moved to dismiss the first cause of action, characterized as one for negligence, as barred by the three-year Statute of Limitations. The I.A. court granted the motion to dismiss the two causes of action in the order here appealed from. We disagree, and accordingly reverse and deny the motion to dismiss the two causes of action.

As to the second cause of action alleging a breach of contract, we believe the allegations set forth in that cause of action, considered together with relevant allegations in the complaint, are legally sufficient to assert an action for failure to exercise due care in the performance of a contract.

As to the first cause of action, defendants' motion is based on the claim that it is an action for negligence, and that Ahearn's separation from the Riposanu firm in 1981 or early 1982, more than three years before the commencement of this action, requires the cause of action to be dismissed as barred by the three-year Statute of Limitations. Preliminarily, we note that the allegations in this cause of action sufficiently set forth a claim for fraud as to which the applicable period of limitations is six years (CPLR 213). These allegations include claims that plaintiff's funds were commingled, that Ahearn misrepresented essential facts relating to the funds, and that funds held by Ahearn in a fiduciary capacity, while he was a member of the Riposanu firm, were never returned to the plaintiff.

Even if considered as a cause of action for negligence only, we are not persuaded that the action would be dismissible as barred by the three-year Statute of Limitations applicable to such an action. Under the facts set forth in the complaint, the "continuous treatment" rule would appear applicable to defer the running of the Statute of Limitations with regard to any

loss that plaintiff may have suffered during the period that Ahearn was a member of the Riposanu firm. *(Cf., Glamm v Allen,* 57 NY2d 87; *Greene v Greene,* 56 NY2d 86.)* Concur—Murphy, P. J., Sandler, Sullivan and Kassal, JJ.

Kupferman, J., dissents and would affirm.