(June 18, 2009)

■ HNH International, Ltd., et al., Appellants, v Pryor Cashman Sherman & Flynn LLP, Now Known as Pryor Cashman LLP, Respondent, et al., Defendants. [881 NYS2d 86]—

Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered March 25, 2008, dismissing the complaint as against defendant Pryor Cashman LLP, and bringing up for review an order, same court and Justice, entered March 19, 2008, which granted said defendant's motion to dismiss the complaint, unanimously reversed, on the law, with costs, the motion denied and the complaint reinstated. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiffs allege that defendant, a law firm, incorrectly advised them concerning the early 20th century sound recordings they proposed to reengineer, remaster and distribute as CDs. After the CDs had been manufactured and distributed, plaintiffs were sued and found liable for common-law copyright infringement.

The court dismissed the legal malpractice complaint, pursuant to CPLR 3211 (a) (1), based on documentary evidence from which it concluded that the state of the law at the time the advice was given was unsettled and defendants therefore had not " 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' " at that time (quoting *Darby & Darby v VSI Intl.*, 95 NY2d 308, 313 [2000]).

We conclude, however, that the state of the law was not so unsettled at the time the advice was given as to bar as a matter

of law plaintiffs' claim that a reasonably skilled attorney would have advised that the CDs were or might be entitled to common-law copyright protection and would not have advised that the release of the CDs would not result in any copyright liability. Although defendant maintains that it did advise plaintiffs of the possibility of common-law liability and did not advise plaintiffs that the release of the CDs would not result in any copyright liability, we must accept the facts alleged in the complaint as true and accord plaintiffs the benefit of every possible favorable inference (*Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303 [2001]). The determination whether defendant exercised the requisite level of skill and care must await expert testimony (*compare Merlin Biomed Asset Mgt., LLC v Wolf Block Schorr & Solis-Cohen LLP*, 23 AD3d 243 [2005] [expert testimony required], *with Darby & Darby, supra* [legal malpractice counterclaim dismissed on summary judgment]).

The statute of limitations was tolled as to defendant because the attorneys who initially handled the matter continued to represent plaintiffs in the matter, albeit at different law firms, until 2005 (*see Antoniu v Ahearn*, 134 AD2d 151 [1987]). Concur—Gonzalez, P.J., McGuire, Moskowitz and DeGrasse, JJ. [*See* 19 Misc 3d 1107(A), 2008 NY Slip Op 50589(U).]