■ BRUCE GUTKIN, Appellant, v RICHARD D. SIEGAL et al., Defendants. [926 NYS2d 485]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered September 30, 2010, as amended by order, same court and Justice, entered October 4, 2010, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Richard D. Siegal and Palace Exploration Company to dismiss the first cause of action, unanimously affirmed, with costs.

In his first cause of action, for fraud, plaintiff alleges that defendants Siegal and Palace failed to disclose to him that the oil and gas drilling partnerships in which he invested between 1999 and 2002 would receive only a small portion of the generated revenue. Plaintiff alleges that he understood language in the prospect agreements to mean that the partnerships would receive 60% of the net drilling revenue. Plaintiff further alleges that he could not have discovered the fraud until he received deficiency notices in January 2008 concerning tax deductions he took as a result of the investments. In this regard, plaintiff asserts that in 2005, when he inquired as to why revenues were not what he expected, he was informed that drilling had not been very successful and that Siegal was perhaps not as adept in the oil and gas business as anticipated. Plaintiff commenced this action in January 2010.

An action based upon fraud must be commenced within the greater of six years from the date the cause of action accrued or two years from the time plaintiff discovered or, with reasonable diligence, could have discovered the fraud (CPLR 213 [8]). Here, plaintiff's claim was more than six years old at the time it was filed, and therefore time-barred, unless he did not discover or, with reasonable diligence, could not have discovered it before January 2008.

"The test as to when fraud should with reasonable diligence have been discovered is an objective one" (*Armstrong v McAlpin*, 699 F2d 79, 88 [2d Cir 1983]). " '[W]here the circumstances are such as to suggest to a person of ordinary intelligence the probability that he has been defrauded, a duty of inquiry arises, and if he omits that inquiry when it would have developed the truth, and shuts his eyes to the facts which call for investigation, knowledge of the fraud will be imputed to him' " (*id.*, quoting *Higgins v Crouse*, 147 NY 411, 416 [1895]).

The motion court correctly determined that plaintiff could have, with reasonable diligence, discovered the alleged fraud before January 2008. Indeed, accepting plaintiff's allegations as true, as one must on a motion to dismiss, plaintiff had constructive knowledge of the alleged fraud in 2005, when he recognized that his investment returns were significantly less than expected. At that point, a reasonable investor who had lost millions of dollars would have investigated further, rather than accept the cursory explanation plaintiff allegedly received.

Moreover, beginning in the first year after his investment, plaintiff received quarterly drilling reports which reflected the exact percentage of net drilling revenue each partnership received from each well. Thus, if plaintiff believed that each partnership was entitled to receive 60% of the net revenue, the quarterly reports put him on notice that he was either in error or had been defrauded. By his own account, plaintiff never sought clarification of the quarterly reports. The language in the prospect agreements, which plaintiff contends contradicted the quarterly reports, is ambiguous, and plaintiff does not claim to have sought clarification prior to or after investing in the partnerships. He also does not deny that he signed subscription agreements in which he acknowledged that he had received all information he desired prior to making his investments. Accordingly, the motion court properly dismissed the first cause of action as time-barred (*see Sheth v New York Life Ins. Co.*, 308 AD2d 387, 387 [2003], *lv denied* 1 NY3d 505 [2003]). Concur—Tom, J.P., Saxe, Catterson, Moskowitz and Acosta, JJ.