■ Nikolaos Kanterakis, Appellant-Respondent, v Emily Kanterakis, Defendant, N. Richard Wool et al., Respondents-

Appellants, and BERNARD J. DUFFY, Respondent. [5 NYS3d 128]—

In an action, inter alia, to recover damages for fraud and breach of fiduciary duty, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (K. Murphy, J.), dated February 4, 2013, as granted the motion of the defendant Bernard J. Duffy pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him, and the defendants N. Richard Wool, Alissa Joy Wool, The Wool Law Group, PLLC, and The Law Offices of N. Richard Wool cross-appeal, as limited by their brief, from so much of the same order as denied their motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them, and granted the motion of the defendant Bernard J. Duffy pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him.

Ordered that the appeal by the defendants N. Richard Wool, Alissa Joy Wool, The Wool Law Group, PLLC, and The Law Offices of N. Richard Wool from so much of the order as granted the motion of the defendant Bernard J. Duffy pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him is dismissed, as those defendants are not aggrieved by that portion of the order (see CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The Supreme Court properly granted the motion of the defendant Bernard J. Duffy pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him. Contrary to Duffy's contention, he did not show that the causes of action alleging fraud and aiding and abetting fraud were time-barred under the circumstances presented (see CPLR 213 [8]; *Robinson v Day*, 103 AD3d 584, 585 [2013]). However, the Supreme Court properly granted Duffy's motion based on the plaintiff's failure to state a viable cause of action against him. With respect to the fraud causes of action, the complaint did not adequately allege that Duffy made a knowingly false representation as to a material fact with the intention of inducing the plaintiff to rely on that representation (see CPLR 3016 [b]; *Brualdi v IBERIA, Lineas Aereas de España, S.A.*, 79 AD3d 959, 960 [2010]; *cf.*

*Nationscredit Fin. Servs. Corp. v Turcios*, 55 AD3d 806, 807-808 [2008]). The complaint also failed to plead, with the requisite specificity, the elements of the cause of action alleging aiding and abetting fraud asserted against Duffy, including the element of "actual knowledge, and substantial assistance" by Duffy in the underlying alleged fraudulent scheme by the other defendants (*Goel v Ramachandran*, 111 AD3d 783, 792 [2013]; *see* CPLR 3016 [b]; *CDR Creances S.A.S. v First Hotels & Resorts Invs., Inc.*, 101 AD3d 485, 486-487 [2012]). Accordingly, the Supreme Court properly granted Duffy's motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him.

Contrary to the contention of the defendants N. Richard Wool, Alissa Joy Wool, The Wool Law Group, PLLC, and The Law Offices of N. Richard Wool, the Supreme Court properly denied that branch of their motion which was to dismiss the complaint insofar as asserted against them as time-barred. As the plaintiff correctly asserts, the fraud causes of action against those defendants did not accrue until October 4, 2004, the date of the first allegedly fraudulent transaction in which those defendants were involved (*see New York City Tr. Auth. v Morris J. Eisen, P.C.*, 276 AD2d 78, 85 [2000]). The fraud causes of action were timely interposed within six years of that accrual date (*see* CPLR 213 [8]). Further, under the circumstances presented here, the causes of action alleging breach of fiduciary duty and aiding and abetting breach of fiduciary duty are governed by the six-year statute of limitations for fraud, as those causes of action are based on fraud (*see Oxbow Calcining USA Inc. v American Indus. Partners*, 96 AD3d 646, 652 [2012]). Those causes of action also accrued no earlier than October 4, 2004 (*see New York City Tr. Auth. v Morris J. Eisen, P.C.*, 276 AD2d at 85), and were timely interposed within six years of that date. Dillon, J.P., Leventhal, Chambers and Roman, JJ., concur.

---

Motion by the defendant Bernard J. Duffy to strike point II of the brief filed by the defendants N. Richard Wool, Alissa Joy Wool, The Wool Law Group, PLLC, and The Law Offices of N. Richard Wool, on the ground that it improperly raises arguments for the first time on appeal. By decision and order on motion dated February 19, 2014, the motion was held in abeyance and referred to the panel of Justices hearing the appeal and cross appeal for determination.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is,

Ordered that the motion is granted, and point II of the brief

is deemed stricken and has not been considered on the determination of the appeal and cross appeal. Dillon, J.P., Leventhal, Chambers and Roman, JJ., concur.