(May 28, 2015)

■ CIFG Assurance North America, Inc., Appellant, v Credit Suisse Securities (USA) LLC, Respondent. [1 NYS3d 563]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered on or about July 16, 2014, which granted defendant's motion to dismiss the complaint without prejudice, unanimously affirmed, without costs.

Plaintiff, a New York stock insurance company that provided financial guaranty insurance on a credit default swap, alleges that defendant, a registered broker-dealer, induced it to provide the insurance by representing that the collateral for the loans would be selected by a collateral manager, acting independently and in good faith in the interests of long investors, and by further representing that the collateralized debt obligation's (CDO) notes had characteristics that merited their AAA/Aaa credit ratings. In September 2008, approximately two years after closing, an event of default occurred and plaintiff paid out $46 million under its guaranty. In November 2013, plaintiff commenced this action alleging causes of action for fraud and violation of Insurance Law § 3105. The motion court properly determined that these claims are time-barred.

As plaintiff concedes, because it filed its complaint more than six years after the CDO closed, the timeliness of its claims depends on whether it "discovered the fraud . . . or could with reasonable diligence have discovered it" more than two years before the filing of the complaint on November 15, 2013 (CPLR 213 [8]; *see Sargiss v Magarelli*, 12 NY3d 527, 532 [2009]). "[W]here the circumstances are such as to suggest to a person of ordinary intelligence the probability that he has been defrauded, a duty of inquiry arises, and if he omits that inquiry when it would have developed the truth, and shuts his eyes to the facts which call for investigation, knowledge of the fraud will be imputed to him" (*Gutkin v Siegal*, 85 AD3d 687, 688 [1st Dept 2011] [internal quotation marks omitted]).

Plaintiff has failed to meet its burden of establishing that even with the exercise of reasonable diligence, it could not have discovered the basis for its claims prior to November 15, 2011. Plaintiff was put on notice of defendant's fraud and scienter as early as 2008, but certainly by 2010, based on certain reports, made public, indicating the alleged actions that form the basis of plaintiff's claims. In addition, plaintiff was put on notice of defendant's alleged fraudulent activities by other lawsuits commenced prior to November 2011. Because plaintiff possessed information suggesting the probability that it had been defrauded, and failed to conduct an inquiry at that time, knowledge of the fraud is imputed (*see Gutkin*, 85 AD3d at 688). Concur—Tom, J.P., Renwick, Andrias, Richter and Gische, JJ.