■ AOZORA BANK, LTD., Respondent, v UBS AG et al., Appellants. [40 NYS3d 406]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on or about October 14, 2015, which, to the extent appealed from, denied the UBS defendants' motion to dismiss the causes of action alleging fraud and aiding and abetting fraud as against them; and order, same court and Justice, entered on about October 14, 2015, which, to the extent appealed from as limited by the briefs, denied defendant Deutsche Investment Management Americas Inc.'s motion to dismiss those same causes of action as against it, unanimously

reversed, on the law, with costs, and the motions granted. The Clerk is directed to enter judgment dismissing the complaint.

The motion court erred in denying defendants' motions to dismiss the fraud claims as time-barred (*see* CPLR 3211 [a] [5]). The parties agree that the timeliness of the claims depends on whether plaintiff "discovered the fraud, or could with reasonable diligence have discovered it," more than two years before the filing of the complaint on June 18, 2013 (CPLR 213 [8]). The record demonstrates that plaintiff could, with reasonable diligence, have discovered the alleged fraud by April 2010, rendering its fraud claims untimely (*see Aozora Bank, Ltd. v Deutsche Bank Sec. Inc.*, 137 AD3d 685, 689 [1st Dept 2016]). By that date, numerous lawsuits had been filed against the UBS defendants for misconduct similar to that alleged in this complaint (*see id.* at 689-690; *see also CIFG Assur. N. Am., Inc. v Credit Suisse Sec. [USA] LLC*, 128 AD3d 607, 608 [1st Dept 2015], *lv denied* 27 NY3d 906 [2016]). Also by that date, the Securities and Exchange Commission had commenced an investigation into UBS's CDO practices (*see Aozora*, 137 AD3d at 689). In addition, news articles disclosed the alleged misconduct involving hedge fund Magnetar and the Constellation CDOs (*id.*). The foregoing lawsuits, investigations and articles also sufficed to put plaintiff on "inquiry notice" of defendant Deutsche's alleged fraud (*id.*).

We have considered plaintiff's arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Andrias, Webber and Gesmer, JJ.