■ MOLLY HAMRICK et al., Appellants, v SCHAIN LEIFER GURALNICK, Defendant, and MATTHEW BARNES et al., Respondents. [44 NYS3d 749]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered on or about September 3, 2015, which, to the extent appealed from, granted defendants Matthew Barnes and Montcalm Co., LLC's motion to dismiss the complaint as against them, unanimously affirmed, without costs.

The fraudulent inducement, negligent misrepresentation, and breach of fiduciary duty claims are time-barred. These claims accrued upon plaintiffs' making their investments (*Prichard v 164 Ludlow Corp.*, 49 AD3d 408 [1st Dept 2008]). Plaintiffs were placed on inquiry notice of the alleged fraud, negligent misrepresentation, and breach of fiduciary duty when they received the private placement memorandum, which expressly contradicted defendants' alleged oral representations that the investments' tax strategy was tested and valid, when they saw—immediately—that they were not receiving the promised returns, and when they learned that the tax strategy was ultimately repudiated by the IRS (*see Gutkin v Siegal*, 85 AD3d 687 [1st Dept 2011]). Since plaintiffs commenced this action more than six years after the date of their investments and more than two years after they had constructive knowledge of the alleged fraud, negligent misrepresentation, and breach of fiduciary duty, these claims are time-barred (CPLR 213 [8]).

These claims also fail to meet the pleading requirements of CPLR 3016 (b). The complaint does not allege who made the misrepresentations or when or where they were made (*see Eastman Kodak Co. v Roopak Enters.*, 202 AD2d 220 [1st Dept 1994]).

The aiding and abetting claims fall with the primary torts.

The claim for breach of an oral contract fails to state a cause of action since it does not allege any direct oral communication at all with defendants.

The unjust enrichment and constructive trust claims fail to state a cause of action since the subject matter thereof is governed by express written contracts—the partnership agreements and the subscription agreements (*Simkin v Blank*, 19 NY3d 46, 55 [2012]). Concur—Andrias, J.P., Saxe, Feinman, Gische and Kahn, JJ.