■ KENYON & KENYON LLP, Appellant, v SIGHTSOUND TECHNOLOGIES, LLC, et al., Respondents, et al., Defendant. [58 NYS3d 298]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered January 26, 2015, which, insofar as appealed from as limited by the briefs, granted defendants SightSound Technologies, LLC (SST), DMT Licensing, LLC (DMT), and General Electric Company's CPLR 3211 motion to dismiss the conversion and unjust enrichment claims as against General Electric, unanimously reversed, on the law, and the motion denied, with costs. Order, same court and Justice, entered August 25, 2015, which denied plaintiff's motion to compel production of an unredacted copy of the minutes of the April 26, 2012 meeting of the SST board of representatives or, in the alternative, for an in camera review of an unredacted copy of such minutes, unanimously reversed, on the law, without costs, and the motion granted to the extent of directing that the court conduct an in camera review of the unredacted minutes to determine whether the redacted material is privileged under the common interest doctrine as defined by *Ambac Assur. Corp. v Countrywide Home Loans, Inc.* (27 NY3d 616 [2016]). Order, same court and Justice, entered August 2, 2016, which, inter alia, denied plaintiff's motion for partial summary judgment on its fraudulent conveyance claim, unanimously affirmed, with costs.

The motion court erred in granting defendants' CPLR 3211 (a) (7) motion to dismiss, which was never converted to a motion for summary judgment pursuant to CPLR 3211 (c), on the basis of the averments in their supporting affidavit (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976] ["affidavits received on an unconverted motion to dismiss for failure to state a cause of action are not to be examined for the purpose of determining whether there is evidentiary support for the pleading"]).

Since the court issued the order deciding plaintiff's motion to compel, the Court of Appeals has clarified that the common

interest doctrine preserves the privileged status of an attorney-client communication disclosed to a third party only if the communication was shared "in furtherance of a common legal interest in pending or reasonably anticipated litigation" (*see Ambac Assur. Corp. v Countrywide Home Loans, Inc.*, 27 NY3d 616, 628 [2016], *supra*). Therefore, we reverse the denial of plaintiff's motion to compel the production of an unredacted copy of the minutes of the indicated SST board meeting, at which an attorney provided legal advice to the SST board in the presence of two persons (Sohn and Giordano) identified in the minutes as representatives of DMT, and direct that the court conduct an in camera review of the unredacted minutes to determine whether the redacted material comprises attorney-client communications made in reasonable anticipation of litigation in which SST and DMT would have a common interest. We note, however, that, because plaintiff did not challenge the status of Sohn and Giordano as representatives of DMT in its motion to compel, that matter, which plaintiff raises for the first time on appeal, need not be considered upon the in camera review.

Plaintiff's motion for summary judgment on its fraudulent conveyance claim was correctly denied, because plaintiff failed to establish prima facie that SST, the debtor, was insolvent; it relied solely on the book value of assets and tax returns, and offered no evidence of the market ("salable") value of SST's assets (*see* Debtor and Creditor Law § 271 [1]; *Morgan Guar. Trust Co. v Hellenic Lines Ltd.*, 621 F Supp 198, 220 [SD NY 1985]). Concur—Friedman, J.P., Andrias, Moskowitz, Kapnick and Kahn, JJ.