■ ROLANDO CORDERO, Respondent, v KOVAL RETJIG & DEAN PLLC et al., Appellants. [57 NYS3d 145]—

Order, Supreme Court, New York County (Debra A. James, J.), entered March 21, 2016, which denied defendants' motion for summary judgment dismissing the complaint alleging legal malpractice, unanimously affirmed, without costs.

The claim for malpractice accrued when defendants failed to timely file a notice of claim (*see* General Municipal Law § 50-e) upon the City of New York and the New York City Department of Transportation after plaintiff was allegedly injured in a fall from his motorcycle because he struck a defectively-placed construction plate in the road (*see generally Glamm v Allen*, 57 NY2d 87, 93 [1982]). However, the evidence raised triable issues whether the malpractice statute of limitations (CPLR 214 [6]) was tolled under the continuous representation doctrine. Mark Koval, an attorney formerly employed by defendant law firm, joined another law firm at or about the time plaintiff's personal injury case was transferred to such new law firm. Defendants admit that plaintiff's case was transferred to the new firm, and Koval does not deny having worked on the case at either the old or new firm (*see generally Antoniu v Ahearn*, 134 AD2d 151 [1st Dept 1987]; *HNH Intl., Ltd. v Pryor Cashman Sherman & Flynn LLP*, 63 AD3d 534, 535 [1st Dept 2009]). Although Koval claims he subsequently left the new firm and did not take plaintiff's case with him, there is no evidence that plaintiff was ever informed of, or had objective notice of, Koval's departure such as to end the continuous representation circumstance and the tolling of the statute of limitations (*see Shumsky v Eisenstein*, 96 NY2d 164, 167-169, 170 [2001]). Concur—Sweeny, J.P., Richter, Andrias, Webber and Gesmer, JJ.