Matter of Northwest 5th & 45th Realty Corp. v Mitchell, Maxwell & Jackson, Inc. (2018 NY Slip Op 03631)





Matter of Northwest 5th & 45th Realty Corp. v Mitchell, Maxwell & Jackson, Inc.


2018 NY Slip Op 03631


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Tom, J.P., Mazzarelli, Andrias, Kern, JJ.


6616 150344/13

[*1]In re Northwest 5th & 45th Realty Corp., Petitioner-Respondent,
v
Mitchell, Maxwell & Jackson, Inc., et al., Respondents-Appellants, Jeffrey Jackson etc., et al., Respondents.


Shaw & Binder P.C., New York (Stuart F. Shaw and Daniel S. Lopresti of counsel), for appellants.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for respondent.



Judgment, Supreme Court, New York County (Anil C. Singh, J.), entered October 31, 2016, in petitioner's favor against respondent Steven Knobel in the amount of $661,526.64, unanimously reversed, on the law, with costs, and respondents' cross motion to dismiss the petition granted.
In this special proceeding, petitioner seeks to enforce, against Knobel, two judgments that it obtained against respondent Mitchell, Maxwell & Jackson, Inc. (MMJ) in a plenary action. The petition invoked Debtor and Creditor Law § 273, which requires insolvency. The petition also quoted Debtor and Creditor Law § 271(1), which states, "A person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured." Despite this, the petition made no allegations about the fair salable value of MMJ's assets; thus, it failed to make a prima facie case (see Kenyon & Kenyon LLP v SightSound Tech., LLC, 151 AD3d 530, 531 [1st Dept 2017]).
Because a special proceeding is treated like a summary judgment motion (see CPLR 409[b]; Matter of Port of N.Y. Auth. [62 Cortlandt St. Realty Co.], 18 NY2d 250, 255 [1966], cert denied sub nom. McInness v Port of N.Y. Auth., 385 US 1006 [1967]), petitioner could not cure the deficiency of proof in its petition in reply (see Henry v Peguero, 72 AD3d 600, 602 [1st Dept 2010], appeal dismissed 15 NY3d 820 [2010]).
In addition to alleging fraudulent conveyance, the petition sought to pierce MMJ's [*2]corporate veil to hold Knobel (MMJ's 50% shareholder) liable for the judgment against MMJ. Such veil-
piercing was neither factually nor legally justified in this case (see e.g. 210 E. 86th St. Corp. v Grasso, 305 AD2d 156 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK