Boesky v Levine (2021 NY Slip Op 02059)





Boesky v Levine


2021 NY Slip Op 02059


Decided on April 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 01, 2021

Before: Acosta, P.J., Kapnick, Webber, Kennedy, JJ. 


Index No. 650756/17 Appeal No. 13475-13476-13477 Case No. 2018-6041, 2018-6042, 2018-6060, 2018-6061 

[*1]Stuart J. Boesky et al., Plaintiffs-Appellants,
v
Harold Levine et al., Defendants-Respondents, Ronald Katz, Defendant.


Izower Feldman, LLP, Garden City (Stephanie R. Feldman of counsel), for appellants.
DLA Piper LLP (US), New York (Joseph Kernen of counsel), for Harold Levine, respondent.
Joseph Hage Aaronson LLC, New York (Gregory P. Joseph of counsel), for Herrick, Feinstein LLP, respondent.
Emmet, Marvin & Martin, LLP, New York (Paul T. Weinstein of counsel), for Moritt Hock & Hamroff LLP, respondent.
Locke Lord LLP, New York (Ira G. Greenberg of counsel), for Mazars USA LLP, respondent.



Orders, Supreme Court, New York County (Eileen Bransten, J.), entered December 5, 2018, which, insofar as appealed from, granted the respective motions of defendants Mazars USA LLP, as successor in interest to Weiser LLP, Herrick Feinstein LLP, Moritt Hock & Hamroff, LLP, and Harold Levine pursuant to CPLR 3211(a)(5) and (7) to dismiss the first through ninth causes of action insofar as asserted against each, unanimously modified, on the law, to deny Levine's and Herrick Feinstein's motions to the extent they sought dismissal of the legal malpractice claim against them with regard to legal services allegedly provided from May 16, 2008 until 2016 in connection with the audits and tax litigation, and to deny Moritt Hock's motion to dismiss the legal malpractice claim against them, and otherwise affirmed, without costs.
The motion court properly dismissed as time barred the legal malpractice claims that pertain to legal services received from Levine and Herrick Feinstein from 2002-2005. The complaint does not allege that at the time defendant Levine provided legal services to plaintiffs regarding structuring and investing in the tax shelters from 2002-2005, the parties contemplated future services in connection therewith. Nor does the complaint contain allegations that there was continuous representation from 2002 forward regarding the structuring of the tax shelters (Johnson v Proskauer Rose LLP, 129 AD3d 59, 67-68 [1st Dept 2015]). However, the complaint sufficiently alleges that Levine subsequently represented plaintiffs in connection with audits by the Internal Revenue Service (IRS) and New York Department of Taxation and Finance (NYDTF) and in tax litigation continuously from May 16, 2008, the date Boesky signed a power of attorney permitting Levine to represent him before the NYDTF, through 2016. Whether the advice Levine allegedly dispensed with regard to the audits and litigation was provided solely in his capacity as tax matters partner for one of the limited liability companies in which plaintiffs invested, and not as their attorney, is an issue of fact that cannot be resolved on the pleadings.
The claim should also be reinstated against Herrick Feinstein (see Waggoner v Caruso, 68 AD3d 1, 6-7 [1st Dept 2009], affd 14 NY3d 874 [2010] [finding that sound policy considerations support the tolling of the statute of limitations under the continuous representation doctrine while the representation of the same matter in which the malpractice is alleged is ongoing]). This Court, in HNH Intl., Ltd. v Pryor Cashman Sherman & Flynn LLP (63 AD3d 534, 535 [2009]), held that the statute of limitations was tolled as to a malpractice claim against a law firm because the attorney(s) who handled the case continued to represent the plaintiffs in the same matter, albeit while at different law firms. Additionally, the claim should be reinstated against Moritt Hock for the period from September 2012 through 2016, when Levine was a partner at the firm and was [*2]allegedly still representing plaintiffs in connection with the audits and tax litigation. The complaint sufficiently alleges that Levine, while at Moritt, continued to advise plaintiffs regarding the tax litigation and sufficiently alleges that but for Levine's continued failure to properly advise them of the weaknesses of their case, they would have settled with the IRS to reduce their financial exposure and litigation costs.
While the complaint sufficiently states a cause of action for fraud, it is time barred. The statute of limitations for fraud is the greater of six years from when the cause of action accrued or two years from when the fraud was discovered or with reasonable diligence should have been discovered (CPLR 213[8]). The cause of action for fraud accrued between 2002 and 2004 when plaintiffs entered into the allegedly fraudulent transactions (Kanterakis v Kanterakis, 125 AD3d 814, 816 [2d Dept 2015]; Hamrick v Schain Leifer Guralnick, 146 AD3d 606, 607 [1st Dept 2017], affg 2015 WL 5162542, at *4 [Sup Ct, NY County 2015]). Moreover, by 2014, plaintiffs were on notice that the IRS and NYDTF deemed the tax shelters in which they invested a tax avoidance scheme, that defendants Levine and Katz were self-dealing with regard to these tax shelters of questionable legitimacy that they promoted to plaintiffs, and that Levine was involved in other alleged illegal tax schemes. "Where the circumstances are such as to suggest to a person of ordinary intelligence the probability that he has been defrauded, a duty of inquiry arises, and if he omits that inquiry when it would have developed the truth, . . . knowledge of the fraud will be imputed to him" (Aozora Bank, Ltd. v Credit Suisse Group, 144 AD3d 437, 438 [1st Dept 2016], quoting Gutkin v Siegal, 85 AD3d 687, 688 [1st Dept 2011]). Here, plaintiffs had information suggesting they had been defrauded but failed to allege any facts demonstrating that they engaged in "the exercise of reasonable diligence." Thus, knowledge of the fraud is imputed to plaintiffs (id. at 439-440), and because they did not commence this action until more than two years later, in February 2017, the fraud claim is time-barred. Moreover, since the fraud claim is time-barred, the claim for conspiracy to commit fraud, which is not an independent cause of action in New York, is not viable (EVEMeta, LLC v Siemens Convergence Creators Corp., 173 AD3d 551, 553 [1st Dept 2019]).
Even assuming the continuous wrong doctrine applies, the claims for breach of fiduciary duty and negligent supervision are duplicative of the legal malpractice claim (Cosmetics Plus Group, Ltd. v Traub, 105 AD3d 134, 143 [1st Dept 2013], lv denied 22 NY3d 855 [2013]; Vermont Mut. Ins. Co. v McCabe & Mack, LLP, 105 AD3d 837, 839 [2d Dept 2013]) and time barred, and the claims for constructive fraud and for unjust enrichment and a constructive trust seeking to recoup fees are duplicative of the legal malpractice claims (Mecca v Shang, 258 AD2d 569, 570[*3][2d Dept 1999], lv dismissed 95 NY2d 791 [2000]) and time barred against Mazars.
The doctrine of equitable estoppel does not apply to toll the statute of limitations here where the complaint alleges no fraud, misrepresentation, or deception subsequent to those that form the basis of plaintiffs' claims (Zumpano v Quinn, 6 NY3d 666, 674 [2006]). The doctrine of open repudiation does not apply to plaintiff's claims here for monetary damages (Matter of Clark, 146 AD3d 495, 497 [1st Dept 2017], lv denied 29 NY3d 907 [2017]; Access Point Med., LLC v Mandell, 106 AD3d 40, 45-46 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2021