Town New Dev. Sales & Mktg. v Lex 47th Dev. LLC (2023 NY Slip Op 50675(U))

[*1]

Town New Dev. Sales & Mktg. v Lex 47th Dev. LLC

2023 NY Slip Op 50675(U)

Decided on July 7, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 7, 2023
Supreme Court, New York County

Town New Development Sales & Marketing, Plaintiff,

against
Lex 47th Development LLC and K-Land Lex 47th LLC, Defendants.

Index No. 653606/2018

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 006) 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217 were read on this motion for DISCOVERY.
Plaintiff Town New Development Sales & Marketing (Town) alleges that defendant Lex 47th Development LLC (Lex 47th) breached an exclusive sales agency agreement. Town moves, pursuant to CPLR 3124, for an order compelling Lex 47th to produce documents responsive to its discovery demands.
Lex 47th has asserted that the documents at issue are protected from disclosure under the attorney-client privilege or the attorney work product immunity (NY St Cts Elec Filing [NYSCEF] Doc Nos. 165, 167, 169). Town argues that Lex 47th's privilege log and redaction log only include "perfunctory" and "generic" descriptions of the withheld documents.[FN1]
Town contends that the documents reflect communications with third parties outside the attorney-client relationship between Lex 47th and its counsel. Thus, Town asserts that any privilege has been waived. In response, Lex 47th contends that the motion should be denied because its privilege log complies with Commercial Division Rule 11-b. Lex 47th also relies on the agency and common interest exceptions to waiver.
CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." "The test is one of usefulness and reason" [*2](Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]). However, CPLR 3101 provides that "[u]pon objection by a person entitled to assert the privilege, privileged matter shall not be obtainable" (CPLR 3101 [b]).
"The attorney-client privilege shields from disclosure any confidential communications between an attorney and his or her client made for the purpose of obtaining or facilitating legal advice in the course of a professional relationship" (Ambac Assur. Corp. v Countrywide Home Loans, Inc., 27 NY3d 616, 623 [2016]). "In order for the privilege to apply, the communication from attorney to client must be made 'for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship'" (Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 377-378 [1991], quoting Rossi v Blue Cross & Blue Shield of Greater NY, 73 NY2d 588, 593 [1989]). "The communication itself must be primarily or predominantly of a legal character" (id.).
"Generally, communications made between a defendant and counsel in the known presence of a third party are not privileged" (People v Osorio, 75 NY2d 80, 84 [1989]). An exception exists to "statements made to the agents of the attorney or client [which] 'retain their confidential (and therefore, privileged) character, where the presence of such third parties is deemed necessary to enable the attorney-client communication and the client has a reasonable expectation of confidentiality'" (Spicer v GardaWorld Consulting (UK) Ltd., 181 AD3d 413, 414 [1st Dept 2020], lv dismissed 37 NY3d 1084 [2021], quoting Ambac Assur. Corp., 27 NY3d at 624).
Moreover, "[t]he common-interest privilege is an exception to the traditional rule that the presence of a third-party at a communication between counsel and client is sufficient to deprive the communication of confidentiality" (Kindred Healthcare, Inc. v SAI Global Compliance, Inc., 169 AD3d 517, 517 [1st Dept 2019]). The common interest doctrine "requires that: (1) the underlying material qualify for protection under the attorney-client privilege, (2) the parties to the disclosure have a common legal interest, and (3) the material must pertain to pending or reasonably anticipated litigation for it to be protected" (id.).
Before determining whether to compel production of the documents, the court will first conduct an in-camera inspection (see e.g. Arkin Kaplan Rice LLP v Kaplan, 107 AD3d 502, 502 [1st Dept 2013]). "[W]hether a particular document is or is not a protected is necessarily a fact-specific determination . . . often requiring in camera review" (Spectrum Sys. Intl. Corp., 78 NY2d at 378; see also John Mezzalingua Assoc., LLC v Travelers Indem. Co., 178 AD3d 1413, 1417 [4th Dept 2019] [ordering in camera review to determine applicability of attorney-client privilege and agency exception]; Kenyon & Kenyon LLP v SightSound Tech., LLC, 151 AD3d 530, 531 [1st Dept 2017] [ordering "in camera review of the unredacted minutes to determine whether the redacted material comprises attorney-client communications made in reasonable anticipation of litigation in which SST and DMT would have a common interest"]).
Accordingly, it is
ORDERED that defendant Lex 47th Development LLC submit unredacted and Bates stamped copies of the documents identified in the privilege log and redaction log filed as NYSCEF Doc Nos. 165 and 167 with respect to categories PRIV-001-018 and PRIV-021-026 to the Clerk of Part 43 within 14 days for an in-camera inspection.
Dated: July 7, 2023
Robert R. Reed, J.S.C.

Footnotes

Footnote 1:Town only challenges the following categories in the logs: PRIV-001-018 and PRIV-021-026 (NYSCEF Doc No. 197 at 8-11; NYSCEF Doc No. 216 at 15).