Matter of Uni-Rty Corp. v New York Guangdong Fin., Inc. (2025 NY Slip Op 01307)

Matter of Uni-Rty Corp. v New York Guangdong Fin., Inc.

2025 NY Slip Op 01307

Decided on March 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 06, 2025

Before: Renwick, P.J., Gesmer, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 157621/12|Appeal No. 3841|Case No. 2023-04972|

[*1]In the Matter of Uni-Rty Corporation et al., Petitioners-Appellants,
v
New York Guangdong Finance, Inc., et al., Respondents-Respondents.

Kaiser Saurborn & Mair, P.C., New York (Tucker H. Byrol of the bar of the State of Florida, admitted pro hac vice, of counsel), for appellants.
Cooley LLP, New York (Victoria R. Pasculli of counsel), for Guangdong Building Inc., The Estate of Joseph Chu, Alexander Chu, Centre Plaza, LLC and Eastbank, N.A., respondents.
White & Case, LLP, New York (Jacqueline L. Chung of counsel), for China Construction Bank and Agricultural Bank of China, respondents.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered September 6, 2023, which denied the petition seeking, among other things, turnover of certain assets of respondent New York Guangdong Finance, Inc (NYGFI) and dismissed the proceeding, unanimously affirmed, with costs.
Supreme Court did not abuse its discretion by refusing to allow petitioners to introduce as a rebuttal exhibit, a September 17, 2010 letter written by the counsel for respondents Guangdong Building, Inc., the Estate of Joseph Chu, Alexander Chu, Centre Plaza, LLC, and Eastbank, N.A. (the Chu respondents) (see Wilmot v Methodist Hosp., 202 AD2d 304 [1st Dept 1994]). Petitioners' first attempted to introduce this letter as a rebuttal exhibit during their direct case. As for their second attempt, the Chu respondents did not present a case, so there was nothing for petitioners to rebut, and counsel's letter did not rebut the case presented by respondents China Construction Bank (CCB) and Agricultural Bank of China (ABC) (together, the bank respondents).
Supreme Court correctly found that petitioners' claim under Debtor and Creditor Law former § 276 is time-barred. The settlement agreement, which petitioners allege constitutes a fraudulent conveyance, was entered into on October 24, 2005. However, petitioners did not commence this proceeding until October 2012, more than six years later.
We reject petitioners' contention that respondents bore the burden of proving that petitioners discovered the settlement before October 2012, or that, with reasonable diligence, they could have discovered the settlement before that date (see Endervelt v Slade, 214 AD3d 456 [1st Dept 1995]; see also CIFG Assur. N. Am., Inc. v Credit Suisse Sec. [USA] LLC, 128 AD3d 607, 608 [1st Dept 2015], lv denied 27 NY3d 906 [2016]). The September 16, 2010 letter from the attorney who represented petitioners' counsel in the federal action shows that petitioners had a duty to inquire by that date at the latest (see Gutkin v Segal, 85 AD3d 687, 688 [1st Dept 2011]).
It is not dispositive that this Court previously sustained petitioners' Debtor and Creditor Law § 276 claim on an appeal from respondents' CPLR 3211 motion to dismiss (see Matter of Uni-Rty Corp. v New York Guangdong Fin., Inc., 117 AD3d 427 [1st Dept 2014]). On that motion, all inferences were to be drawn in petitioners' favor. By contrast, at trial, petitioners bore the burden of proving that they could not have discovered the fraud before they knew that the settlement agreement existed.
Petitioners assert that even if they had to sue within two years of September 16, 2010, they commenced a plenary action in March 2012, rendering this proceeding timely under CPLR 205(a). We note that petitioners may raise CPLR 205(a) for the first time on appeal, as application of that statute is a purely legal argument (see e.g. Eujoy Realty Corp. v Van Wagner Communications LLC, 22 NY3d 413, 422 [2013]). Nevertheless, the statute does not save petitioners' [*2]Debtor and Creditor Law § 276 claim because the plenary action and this proceeding were not based "upon the same transaction or occurrence" (CPLR 205[a]). On the contrary, the plenary action was based on transactions or occurrences other than the settlement agreements. Hence, respondents were not put on notice of petitioners' theory that settlement agreements approved by two separate courts — one in New York, one in Texas — were fraudulent conveyances (cf. Malay v City of Syracuse, 25 NY3d 323, 329 [2015]).
Petitioners failed to sustain their burden of proving their Debtor and Creditor Law § 273-a claim, as they have not demonstrated by clear and convincing evidence that the contested transfers were without adequate consideration or otherwise fraudulent (see Petrocelli v Petrocelli Elec. Co., Inc., 121 AD3d 596, 596 [1st Dept 2014]; Farkas v D'Oca, 305 AD2d 237, 237 [1st Dept 2003]). Furthermore, even assuming that the evidence of the nature and value of the consideration was solely within the bank respondents' control, they produced that evidence (see National Communications Corp. v Bloch, 259 AD2d 427, 427 [1st Dept 1999]). Thus, despite petitioners' position otherwise, the burden did not shift to respondents to show that the transfers were for fair consideration.
Petitioners' contention that NYGFI's antecedent debt was not satisfied, but was merely assigned to nonparty W. Ong Co., does not change our determination. As a result of the settlement, W. Ong Co. also became the 100% shareholder of NYGFI, so it was highly unlikely that it would try to collect on the loans. In any event, as far back as the appeal from petitioners' summary judgment motion, this Court found that petitioners "failed to show that the reassignment of NYGFI's outstanding loans did not constitute fair consideration" (Uni-Rty Corp., 140 AD3d at 447).
Even in light of the presumption that "preferential transfers to directors, officers, and shareholders of insolvent corporations in derogation of the rights of general creditors do not fulfill the requirements of good faith" (Uni-Rty Corp., 140 AD3d at 448 [internal quotation marks omitted]), petitioners did not demonstrate at trial that NYGFI's conveyance was not made in good faith (see Debtor and Creditor Law § 272). Petitioners failed to present evidence of the "fair salable value of [NYGFI's] assets" (Debtor and Creditor Law § 271[a]) as of "the time of the conveyance" (Battlefield Freedom Wash, LLC v Song Yan Zhuo, 148 AD3d 969, 971 [2d Dept 2017]), and therefore failed to show that NYGFI was insolvent at that time (see Kenyon & Kenyon LLP v SightSound Tech., LLC, 151 AD3d 530, 531 [1st Dept 2017]).
In any event, even if NYGFI was insolvent at the time of the settlement agreements, respondents submitted substantial evidence that the exchanges made in the settlement agreements were made in good faith and were not in derogation of petitioners' rights as general creditors (see Matter of FMC Corp. v Unmack, 92 NY2d 179, 188 [[*3]1988]). By the time of the 2005 settlement agreement, the first jury verdict in petitioners' favor had been set aside. Furthermore, the mediator who helped bring about the Texas settlement said it resulted from good faith efforts. NYGFI also had its own counsel in both settlements, and two different courts approved those settlements. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 6, 2025